UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ARCZAR, INC., | ) |
|        Plaintiff, | ) |
| v. | ) Case No. 11-CV-805-CVE-PJC |
| NAVICO, INC., | ) |
|        Defendant. | ) |

**OPINION AND ORDER**

Now before the Court is Defendant Navico, Inc.'s Motion to Dismiss Complaint (Dkt. # 29). Defendant Navico, Inc. (Navico) argues that plaintiff ArCzar, Inc. (ArCzar) has failed to plead any specific facts in support of a claim for direct or indirect patent infringement, and that plaintiff's patent infringement claims should be dismissed for failure to state a claim upon which relief can be granted. Dkt. # 29, at 2. Plaintiff responds that it has alleged sufficient facts to state a patent infringement claim and that defendant is asking plaintiff to prove its patent infringement claims at the pleading stage. Dkt. # 33, at 2.

**I.**

ArCzar alleges that Navico sells marine electronics products, such as sonar fish finders and GPS chartplotters, using the brand name "Lowrance." Dkt. # 2, at 2. ArCzar is the exclusive licensee for three patents issued by the United States Patent Office: United States Patent No. 6,037,936, entitled "Computer Vision System with a Graphic User Interface and Remote Camera Control" (the '936 Patent); United States Patent No. 7,301,536, entitled "Electro-Optic Vision Systems" (the '536 Patent); and United States Patent No. 7,916,138, entitled "Electro-Optic Vision Systems" (the '138 Patent). Dkt. # 2-1; Dkt. # 2-2; Dkt. # 2-3. ArCzar alleges that Navico

distributes and sells products such as the Lowrance LCX-27C, LCX-28C HD, LCX-37C, LCX-38C HD, LCX-112C, and LCX-113C HD, and that Navico is infringing the '936 Patent, the '536 Patent, and '138 Patent by distributing these products. Dkt. # 2, at 4, 5, 6. Navico has not requested or received a license to use the '936 Patent, the '536 Patent, or '138 Patent from ArCzar.

ArCzar filed this case seeking damages and injunctive relief to prevent further patent infringement by Navico. ArCzar alleges three claims of patent infringement, but the complaint does not specify the theory of patent infringement under which ArCzar seeks to recover. However, it appears that ArCzar intends to allege direct, contributory, and/or induced infringement, either literally or under the doctrine of equivalents. See id. at 7 (ArCzar seeks an injunction "enjoining Defendant from further acts of (1) infringement, (2) contributory infringement, and (3) actively inducing infringement with respect to the claims of the Patents-in-Suit").

## II.

In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted. A motion to dismiss is properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint must contain enough "facts to state a claim to relief that is plausible on its face"and the factual allegations "must be enough to raise a right to relief above the speculative level." Id. (citations omitted). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 562. Although decided within an antitrust context, Twombly "expounded the pleading standard for all civil actions." Ashcroft v. Iqbal, 556 U.S. 662, 683 (2009). For the purpose of making the dismissal

determination, a court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to claimant. Twombly, 550 U.S. at 555; Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007); Moffett v. Halliburton Energy Servs., Inc., 291 F.3d 1227, 1231 (10th Cir. 2002). However, a court need not accept as true those allegations that are conclusory in nature. Erikson v. Pawnee County Bd. Of County Comm'rs, 263 F.3d 1151, 1154-55 (10th Cir. 2001). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1109-10 (10th Cir. 1991).

### III.

Defendant argues that plaintiff's complaint fails to comply with Twombly and Iqbal, because plaintiff failed to allege sufficient specific facts to prove each theory of patent infringement alleged in the complaint. Dkt. # 30, at 1-3. Defendant also asks the Court to disregard any factual allegations in the complaint based on plaintiff's "information and belief." Id. at 5. Plaintiff responds that it has stated plausible claims of patent infringement and that federal courts have rejected the argument that Twombly created a heightened pleading standard in patent cases. Dkt. # 33, at 3.

The Court will initially consider defendant's argument that the Court should find that allegations based on "information and belief" are conclusory and do not comply with the pleading requirements of Twombly and Iqbal. Defendant mischaracterizes plaintiff's burden to plead facts under Twombly and Iqbal. The mere fact that a plaintiff uses the language "information and belief" does not make an allegation conclusory but, instead, the Court must consider the content of the

allegation itself. Dorf v. City of Evansville, 2012 WL 1440343 (D. Wyo. Apr. 22, 2012). The Second Circuit has stated:

> The *Twombly* plausibility standard, which applies to all civil actions, does not prevent a plaintiff from "pleading facts alleged 'upon information and belief'" where the facts are peculiarly within the possession and control of the defendant or where the belief is based on factual information that makes the inference of culpability plausible . . . ."

Arista Records, LLC v. Doe 3, 604 F.3d 110, 120 (2d Cir. 2010). The cases cited by defendant do not stand for the broad proposition that allegations based upon a plaintiff's "information and belief" are inherently vague or conclusory, but they do support the unsurprising conclusion that conclusory allegations that a defendant has infringed a plaintiff's patent are insufficient by themselves to state a patent infringement claim. See In re Papst Licensing GHBH & Co. KG Litigation, 585 F. Supp. 32, 35 (D.D.C. 2008); Dimensional Media Associates, Inc. v. Optical Products Development Corp., 42 F. Supp. 2d 312, 319 (S.D.N.Y. Mar. 25, 1999). The Court will consider the substance of plaintiff's allegations, rather than their form, in determining if plaintiff has stated a valid patent infringement claim, and the Court will not automatically disregard allegations based on "information and belief."

The parties disagree as to the standard of review for a Fed. R. Civ. P. 12(b)(6) motion to dismiss a patent infringement claim. Neither Twombly nor Iqbal created a heightened pleading standard for patent cases, but there is some dispute concerning a plaintiff's burden to plead facts in support of different theories of patent infringement. In re Bill of Lading Transmission and Processing System Patent Litigation, 681 F.3d 1323, 1342 (Fed. Cir. 2012). The required elements that must be alleged to state a claim of direct patent infringement are:

> 1) an allegation of jurisdiction; 2) a statement that the plaintiff owns the patent; 3) a statement that defendant has been infringing the patent "by making, selling, and using [the

device] embodying the patent"; 4) a statement that plaintiff has given the defendant notice of its infringement; and 5) a demand for an injunction and damages."

McZeal v. Sprint Nextel Corp., 501 F.3d 1354, 1357 (Fed. Cir. 2007). In McZeal, the Federal Circuit held that the form complaint for patent infringement provided in the Appendix to the Federal Rules of Civil Procedure requires only these elements to state a claim of patent infringement and, thus, a plaintiff satisfies the pleading requirements of Fed. R. Civ. P. 8 by filing a complaint similar to Form 18. Id.; see also Fed. R. Civ. P. 84 ("The forms in the Appendix suffice under these rules and illustrate the simplicity and brevity that these rules contemplate.").[1]

There is some disagreement as to whether a plaintiff alleging indirect patent infringement must allege more specific facts to state a claim. Robert Bosch Healthcare Systems, Inc. v. Express MD Solutions, LLC, (N.D. Cal. July 10, 2012) (McZeal applies to claims of direct patent infringement only); Celorio v. Google, Inc., 2012 WL 2402833 (N.D. Fla. May 23, 2012) (collecting cases from district courts within the Eleventh Circuit rejecting a heightened pleadings standard for indirect patent infringement claims); Wright Mfg. Inc. v. Toro Co., 2011 WL 6211172 (D. Md. Dec. 13, 2011) (allegations of direct infringement are not sufficient to support a claim of indirect infringement without specific allegations concerning the defendant's intent and knowledge to violate the plaintiff's patent); Ziptronix, Inc. v. Omnivision Technologies, Inc., 2011 WL 5416187 (N.D. Cal. Nov. 8, 2011) (Twombly and Iqbal apply to direct and indirect patent infringement claims). The Tenth Circuit has not considered the application of Twombly and Iqbal to patent infringement claims. However, the Federal Circuit has recently clarified that the McZeal elements are sufficient only to state a claim of direct patent infringement and more is required to state a claim for

---

[1]   McZeal references Form 16 as the sample complaint for patent infringement, but the Federal Rules of Civil Procedure have since been amended and the correct form is now Form 18.

contributory or induced infringement. In re Bill of Lading Transmission and Processing System Patent Litigation, 681 F.3d at 1337 (Form 18 provides elements of direct infringement only and courts must apply Twombly standard to claims of indirect infringement). The Court agrees with the reasoning of In re Bill of Lading Transmission and Processing System Patent Litigation that the McZeal elements are not sufficient to state a claim of indirect patent infringement and finds that compliance with the McZeal test will be sufficient to state a claim of direct infringement only.

Plaintiff has adequately alleged a claim of direct patent infringement against defendant. The complaint states that defendant is subject to the jurisdiction of this Court and that plaintiff is the exclusive licensee of three patents with respect to defendant. Dkt. # 2, at 3. Plaintiff alleges that "Navico has infringed and continues to infringe one or more claims of the '536 Patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, products such as fish-finding sonar and mapping GPS systems." Id. at 4. The complaint includes a similar allegation for the '138 and '936 Patents as well. Id. at 5, 6. The complaint does not allege that plaintiff gave defendant pre-suit notice of the alleged patent infringement, but courts have not found this to be a fatal pleading defect, as the filing of the complaint is sufficient to give a defendant notice of the alleged patent infringement. See Softview LLC v. Apple Inc., 2012 WL 3061027 (D. Del. July 26, 2012); Investpic, LLC v. FactSet Research Systems, Inc., 2011 WL 4591078 (D. Del. Sep. 30, 2011); Aguirre v. Powerchute Sports, LLC, 2011 3359554 (W.D. Tex. Aug. 4, 2011). Plaintiff seeks damages and an injunction to prevent further infringement of its patents. Dkt. # 2, at 7. These allegations are sufficient to state a claim of direct patent infringement under McZeal and In re Bill of Lading Transmission and Processing System Patent Litigation.

Plaintiff has adequately alleged a claim of direct patent infringement against defendant, and this is an essential requirement to pursue claims of indirect patent infringement. To allege a claim of contributory infringement under 35 U.S.C. § 271(c), the patent owner must state sufficient facts to support an inference "1) that there is direct infringement, 2) that the accused infringer had knowledge of the patent, 3) that the component has no substantial noninfringing uses, and 4) that the component is a material part of the invention." Fujitsu Ltd. v. Netgear Inc., 620 F.3d 1321 (Fed. Cir. 2010). Under § 271(b), a party must "actively induce[] infringement of a patent" to be held liable for indirect patent infringement. To state a claim for induced infringement, the patent owner must allege facts supporting an inference "first, that 'there has been direct infringement, and second that the alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement.'" Gradient Enterprises, Inc. v. Skype Technologies S.A., ___ F. Supp. 2d ___, 2012 WL 864804, *3 (W.D.N.Y. Mar. 13, 2012) (quoting EON Corp. IP Holdings LLC v. FLO TV Inc., 802 F. Supp. 2d 527, 533 (D. Del. 2011)).

The Court has reviewed plaintiff's complaint and does not find that plaintiff has alleged any specific facts in support of an indirect infringement claim under a contributory or induced infringement theory, and defendant's motion should be granted to the extent that plaintiff is seeking relief for indirect patent infringement. At most, plaintiff generally alleges that defendant is "making, using, providing, offering to sell, and selling (directly or through intermediaries)" products that infringe on plaintiff's patents. Dkt. # 4. However, there are no allegations that defendant even knew of plaintiff's patents or that defendant actively encouraged others to infringe plaintiff's patents. An infringer's knowledge of the patent is an essential element for claims of contributory or induced infringement, and plaintiff's complaint contains no such allegations. The Court does not conclude

7

that it would be futile to allow plaintiff to file an amended complaint to more clearly state facts supporting claims of indirect infringement, and plaintiff will be allowed to file an amended complaint realleging its claims of patent infringement to allege additional facts supporting claims of contributory or induced infringement.

**IT IS THEREFORE ORDERED** that Defendant Navico, Inc.'s Motion to Dismiss Complaint (Dkt. # 29) is **granted in part** and **denied in part**; it is granted as to plaintiff's claims of indirect infringement but denied as to plaintiff's claims of direct infringement. Plaintiff may file an amended complaint re-alleging its patent infringement claims no later than **August 9, 2012**.

**DATED** this 2nd day of August, 2012.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE